UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

CIVIL ACTION NO. 4:04CV-84

**HOMER R. MAIDEN**                                                                         **PLAINTIFF**

**V.**

**RUSSELL DEGROOTE, M.D.,**
**d/b/a ORTHOPEDIC ADVANCEMENTS**
**& SPORTS MEDICINE CENTER**                                  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon two motions in limine brought by the Defendant. The Defendant has asked the Court to 1) limit the testimony of Dr. Mooar (DN 50, 60); and 2) exclude any and all evidence not stated in terms of probability (DN 37). Fully briefed, these matters are ripe for decision. For the following reasons, the Defendant's motion to limit Dr. Mooar's testimony is **DENIED** and the Defendant's motion to exclude any and all evidence not stated in terms of probability is **GRANTED in part** and **DENIED in part**.

**DISCUSSION**

**A. Motion to Limit the Testimony of Dr. Mooar**

The Defendant argues that Dr. Mooar should not be permitted to testify beyond the opinions that were disclosed in his expert report. The Defendant contends that because Dr. Mooar's expert report did not contain his opinions concerning 1) Dr. DeGroote's follow-up care of the Plaintiff; or 2) the likelihood that the Plaintiff would experience future pain and suffering, Dr. Mooar's should not be allowed to testify as to these issues at trial.

Under Fed. R. Civ. P. 26(a)(2)(B), an expert who is retained or specially employed must submit a report containing "a complete statement of all opinions to be expressed and the basis and

reasons therefor..." Fed. R. Civ. P. 37( c)(1) authorizes a district court to exclude information from trial that was withheld in violation of Rule 26 without "substantial justification," unless the failure to disclose was "harmless." Caudell v. City of Loveland, 2007 Fed. App.. 0229N, *5 (6th Cir. 2007). The advisory committee note to Rule 37 "strongly suggests that 'harmless' involves an honest mistake on the part of the party coupled with sufficient knowledge on the part of the other party." Borg v. Chase Manhattan Bank U.S.A., 2007 Fed. Appx. 0516N (6th Cir. 2007) (quoting Vance v. United States, 1999 U.S. App. LEXIS 14943, *16-17 (6th Cir. 1999).

Here, although Dr. Mooar's expert report may not have contained his opinions relating to the Defendant's post-operative care of the Plaintiff and the likelihood that the Plaintiff may experience future pain and suffering, Dr. Mooar discussed his opinions on both of these issues in his discovery deposition.[1] The record clearly shows that despite the Plaintiff's failure to comply with Rule 26(a), the Defendant had sufficient knowledge following Dr. Mooar's deposition that evidence related to these opinions would be elicited. Further, there is nothing in the record that suggests the Plaintiff's failure to comply with Rule 26 was intentional. Accordingly, the Court finds that the Plaintiff's failure to disclose such information in the expert report was harmless and declines to limit the testimony of Dr. Mooar as requested by the Defendant.

**B. Motion to Exclude Evidence not Stated in Terms of Probability**

The Defendant also argues that any and all evidence stated in terms of possibility, and not probability, should be excluded. Because the Plaintiff must prove the elements of his cause of action by a preponderance of the evidence, the Court agrees that, generally, expert testimony should be couched in terms of probability; otherwise the testimony may mislead the jury and lead to a

---

[1] Dr. Mooar's deposition was originally scheduled to take place in December 2006, but it was rescheduled due to inclement weather and subsequently taken on June 7, 2007.

confusion of the issues under Fed. R. Evid. 403. However, the Court will allow testimony concerning the Defendant's risk of future pain and suffering to be discussed in terms of possibility. The Kentucky Supreme Court has held that where there is substantial evidence of probative value to support it, the jury may consider and compensate for the increased likelihood of future complications," even though the risk of such may only be a possibility and not a not a probability." Davis v. Graviss, 672 S.W.2d 928, 931-932 (Ky. 1984) (see also Capitol Holding Corporation v. Bailey, 873 S.W. 2d. 187, 193 (Ky. 1994)).

## CONCLUSION

For the foregoing reasons, the Defendant's motion to limit Dr. Mooar's testimony is **DENIED** and the Defendant's motion to exclude any and all evidence not stated in terms of probability is **GRANTED in part** and **DENIED in part**. **IT IS SO ORDERED.**

cc: Counsel of Record