UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:04CV-00084

FILED
Jeffrey A. Apperson, Clerk
AUG 1 6 2007
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**HOMER R. MAIDEN**　　　　　　　　　　　　　　　　**PLAINTIFF**

V.

**RUSSELL DEGROOTE, M.D.,**
**d/b/a ORTHOPEDIC ADVANCEMENTS**
**& SPORTS MEDICINE CENTER**　　　　　　　　　**DEFENDANT**

### JURY INSTRUCTIONS

************************************

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Plaintiff has proved his case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions,

or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The plaintiff has the burden of proving his case by what is called a preponderance of the evidence. That means that the plaintiff has to produce evidence that, considered in light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. If the plaintiff fails to meet this burden, the verdict must be for the defendant.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, here in Court or by deposition, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

The following things are not evidence and you may not consider them in deciding what the facts are:

1)  Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have displayed; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or

circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

All of these are matters for you to consider in deciding the facts.

### OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by education and experience, have become expert in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

In this trial, these witnesses were, at times, asked hypothetical questions and they gave answers to such questions. In answering a hypothetical question, an expert witness must

accept as true every asserted fact stated therein, but this does not mean that you must. If you find that assumed facts are not proven, you should disregard the answer based on the hypothetical question.

## II. RULES OF LAW

## INSTRUCTION NO. 1

In this case, the Plaintiff alleges that the Defendant, Dr. Russell DeGroote, was careless and negligent in the surgical and postoperative care which he provided to the Plaintiff. The Plaintiff asserts that because of Dr. DeGroote's negligence, he sustained severe injury and damages.

It was the duty of Dr. Russell DeGroote, in his treatment of Homer Maiden, to exercise that degree of care and skill which is ordinarily exercised by a reasonably competent orthopedic surgeon acting under the same or similar circumstances.

If you believe from the evidence that the Defendant, Russell DeGroote, M.D., failed to comply with this duty and that such failure was a substantial factor in causing the injury and damages complained of by the Plaintiff, Homer R. Maiden, then you will find for the Plaintiff. Otherwise, you will find for the Defendant, Dr. DeGroote.

## INSTRUCTION NO. 2

If you find for the Plaintiff, then you will determine from the evidence and award the Plaintiff such sums of money as will fairly and reasonably compensate him for such of the following damages as you believe from the evidence he has sustained due to the Defendant's negligence:

1) the reasonable expenses of hospitalization, medical care, and treatment that the plaintiff has incurred as a direct result of the defendant's negligence;

2) past lost earnings, or the amount of money the plaintiff would have earned had it not been for the defendant's negligence; and

3) pain and suffering, mental anguish, and the loss of capacity for the enjoyment of life, experienced in the past, and which you find from the evidence he is reasonably certain to experience in the future.

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether the Plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

Further, you shall not make any award for damages incurred by reason of any disease, medical condition, or disability which reasonably would have occurred regardless of the fault, if any, of the Defendant. Your award, if any, shall be only for those damages which were incurred by the Plaintiff as a result of the Defendant's failure, if any, to perform the duties described in Instruction No. 1.

## III. JURY DELIBERATIONS

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

## REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you

can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

### NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

### RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:04CV-00084

**HOMER R. MAIDEN**                                               **PLAINTIFF**

V.

**RUSSELL DEGROOTE, M.D.,**
**d/b/a ORTHOPEDIC ADVANCEMENTS**
**& SPORTS MEDICINE CENTER**                                     **DEFENDANT**

INTERROGATORIES AND VERDICT FORM

*************************

### INTERROGATORY NO. 1

Do you believe from the evidence that the Defendant, Russell DeGroote, M.D., failed to exercise that degree of skill and care, in his surgical and post-operative care of Homer Maiden, which is ordinarily exercised by a reasonably prudent orthopedic surgeon acting under the same or similar circumstances, and that the failure to comply with this duty was a substantial factor in causing Plaintiff's harm?

      YES_____                                      NO_____

                                                      _____
                                                        **FOREPERSON**

                                                        _____
                                                        **DATE**

    If you answered "NO," then proceed no further and notify the Marshall that you have reached a verdict.

    If you answered "YES," then proceed to the next interrogatory.

## INTERROGATORY NO. 2

Since you, the jury, have unanimously found in favor of the Plaintiff, Homer R. Maiden, you must now determine from the evidence and award the Plaintiff such sums of money which will fairly and reasonably compensate him for such of the following damages as you believe from the evidence he sustained as direct result of the fault of the Defendant:

1) the reasonable expenses of hospitalization, medical care, and treatment that the plaintiff has incurred as a direct result of the defendant's negligence
(Not to exceed $ 40, 512.76)

$ _____

2) past lost earnings, or the amount of money the plaintiff would have earned had it not been for the defendant's negligence
(Not to exceed $ 30,000.00 )

$ _____

3) pain and suffering, mental anguish, and the loss of capacity for the enjoyment of life, experienced in the past, and which you find from the evidence he is reasonably certain to experience in the future
(Not to exceed $ 250,000.00 )

$ _____

TOTAL      $ _____

_____
**FOREPERSON**

_____
**DATE**

** Proceed no further and notify the Marshal that you have reached a verdict.